**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> MICHAEL RIPPIE, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:13-cr-00154-GMN-PAL <br><br> **ORDER** |

Before the Court is Defendant Michael Rippie's Motion to Re-Open Bail (ECR No. 109). The Government filed a Response (ECR No. 119) and the Defendant filed a Reply (ECR No. 120) and a Statement of Letter in Support of Release Pending Sentencing (ECR No. 121).

A jury returned a verdict of guilty on August 9, 2013, convicting the Defendant Michael Rippie of one count of prohibited person in possession of firearm in violation of 18 U.S.C. 922(g)(4) and one count of false statement in a firearms transaction in violation of 18 U.S.C. 922(a)(6). He was remanded into custody and is scheduled to be sentenced on November 1, 2013.

Defendant seeks release pending sentencing and argues that he is not a danger to the community, or a flight risk, because he was: (1) compliant with his pretrial release conditions; and (2) is an older gentleman with health problems and is so weak, he cannot drive himself. (ECR No. 109). He attaches as exhibits to his Motion a newspaper article detailing his past legal troubles in Washoe County, Nye County, and his prior federal firearm charges, as well as his apparent disputes with Sheriff Lieseke, and a letter to the editor written by his ex-wife Trish Rippie. In his Reply, the Defendant explains his "long-standing feud between Rippie and the Goldfield authorities" and again attaches the same newspaper article and letter to the editor

1  which was attached to the original motion. (ECF No. 120).  Finally, the Defendant provides a
2  Letter of Support from his longtime companion Patricia Rippie verifying his respiratory illness,
3  his ties to the community and his lack of violent conduct. (ECF No. 121).  She claims that due to
4  his respiratory illness, strokes and borderline diabetes, he can only walk one block, yet she needs
5  him back in Tonopah to winterize their home, locate titles to vehicles, so that she may sell his
6  belongings and numerous cars and trucks.  She also guarantees that he will not have access to
7  any guns.

8  However, Defendant Rippie has failed to meet his burden pursuant to 18 U.S.C. § 3143 to
9  prove by clear and convincing evidence that he is not a danger to the community or a flight risk.
10 The Court does sympathize with Ms. Rippie; however, it also notes that she does mention that
11 the Defendant's adult son also resides in Tonopah.  Hopefully, he can be of some assistance to
12 Ms. Rippie.  While Mr. Rippie did comply with his pretrial release conditions, it is clear that he
13 believed he would be acquitted and vindicated at trial.  The fact that Mr. Rippie believes his
14 criminal convictions occurred as a result of a vendetta by law enforcement in Tonopah, and that
15 he does not expect to survive his term in prison, does not comfort the Court.

16 Accordingly,

17 **IT IS HEREBY ORDERED** that Defendant Michael Rippie's Motion to Re-Open Bail
18 (ECR No. 109) is **DENIED**.

19 **DATED** this 19th day of September, 2013.

_____
Gloria M. Navarro
United States District Judge